## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DIVISION OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:06 CR 494 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | |
| MELINDA TYLEK, et al., | ) | **SUPPLEMENT TO SENTENCING** |
| | ) | **MEMORANDUM OF DEFENDANT** |
| Defendants. | ) | **MELINDA TYLEK** |
| | ) | |

Mrs. Tylek reported to Probation Officer David Abraham that her husband and co-defendant, John Tylek, started physically abusing her before they were married; that their marriage has always been "rocky"; that John was very controlling; and that John would physically abuse her when he used alcohol excessively.

Subsequently, Mr. Tylek, through counsel, submitted a letter to Mr. Abraham that contains the following:

> 1. "Mr. Tylek vigorously denies these contentions asserting that the marriage did not become 'rocky' until Mrs. Tylek admitted to having an affair in 2001. He does acknowledge that he hit her on two occasions, the first upon being informed of the affair and the second upon being told in 2004 that their daughter might not be his." (Letter to Mr. Abraham, Ex. A, p. 2).

> 2. Because there was no "documentation" of Mrs. Tylek's allegations, Mr. Tylek "requested that allegations of physical abuse beyond those acknowledged by Mr. Tylek be deleted or that the factual conflict be resolved in Mr. Tylek's favor." (Id. p. 4).

> 3. "Mr. Tylek did not begin abusing alcohol until 2001, the first time his wife informed him that she had been having an affair." (Id. p. 5).

4.      "Paragraph 81 attributes several statements to Mrs. Tylek that are factually inaccurate, to wit: 'defendant has abused alcohol since they met,' and 'defendant would physically abuse her when he drank excessively. This abuse began shortly after they started dating and continued until they separated...' As noted above, Mr. Tylek's alcohol abuse did not begin until 2001, and his physical abuse was limited to two occasions, the first of which occurred in 2001." (Id.).

On April 13, 2007, counsel for Mrs. Tylek first saw a copy of this letter. In response, counsel set about gathering the "documentation" Mr. Tylek claimed was missing. Although limited in time, Mrs. Tylek was able to obtain reports of three incidents of domestic violence in which the police were called to the Tyleks' home: the first in 1990 – before the Tyleks were married, the second in 2001 and the third in 2006. (Attached as Exhibits B, C and D).

The abuse falls into a classic pattern. In 1990, before they were even married, John "hit her in the face and kicked her in the stomach." (Ex. B, pp. 1-2). Within hours, Melinda was back in the trailer she and John shared. (Id.).

In 2001, John and Melinda were at a bar. John was drinking. According to John, at some point during the evening, Melinda told him she was having an affair. When they got home, John "punched her, kicked her and grabbed her by the throat and kept banging her head into the wall and door." (Ex. C, p. 3). The police reported that Melinda had "visible abrasion marks on both sides of her neck and hand marks on both sides of her neck which appeared to be fresh marks. Melinda also showed me a bruise on her right arm which also appeared to be fresh, and I was also able to feel a large contusion on the back of Melinda's head." (Id.). "There was also a bruise forming on Melinda's left leg, upper portion on the side. Also just under Melinda's right knee a small area of skin was removed." (Id.).

2

Melinda was given medical treatment.  The police called an ambulance and she was attended to by the paramedics.  (Id.).

According to the police, John was intoxicated.  He did not starting drinking after this event.  Moreover, their marriage was "rocky" before Melinda allegedly told John that she was having an affair.  "John stated that they were having marital problems and were trying to work them out."  (Id. p. 1).  John admitted to having kicked Melinda.  "John said that he knew he was wrong for doing this, however he had been drinking and just wasn't thinking straight."  (Id.).

Melinda declined to go to the hospital, later returned to her home and John's case was resolved with a plea to an aggravated disorderly conduct charge.

Mr. Tylek admits that he again physically abused Mrs. Tylek in 2004.  As is tragically common in these situations, it does not appear that Mrs. Tylek even reported the 2004 incident to the police.

In 2006, the police were again called to the Tyleks' home.  Although the call was originally for a domestic dispute, the police reported that, while on-route to the scene, "the call was upgraded to shots fired."  (Ex. D, p. 3).  John had a revolver and, upon inspection, the police found that all five rounds inside had been shot.  (Id.).  There also was a half of a bottle containing whiskey.  John denied having hit Melinda, but admitted having fired the gun – supposedly because Melinda threatened to commit suicide.  (Id.).  In contrast, Melinda told the officers that John threatened to kill her.  (Id.).  Those charges are pending.

Notwithstanding Mr. Tylek's vehement denials and accusations that Mrs. Tylek has misrepresented the facts, the police reports tell the story.  These are not a series of

3

isolated events.  This is a pattern of abuse that began before the Tyleks were married, and continued until they separated in January 2006.

This is part of Mrs. Tylek's history.  It is part of who she is.  It is a factor that the Court can, and should, consider under 18 U.S.C. § 3553.

WHEREFORE, Melinda Tylek respectfully requests that this Court consider the attached police reports and her history as a victim of abuse when determining an appropriate sentence in this matter.

Respectfully submitted,

*/s/ Rachael L. Israel*
Carole S. Rendon (0070345)
Rachael L. Israel (0072772)
Kushner & Rendon Co., L.P.A.
2860 BP Tower
200 Public Square
Cleveland, Ohio 44114
(216) 696-6700
Facsimile: (216) 696-6772
crendon@kushner-rendon.com
risrael@kushner-rendon.com

*Attorneys for Melinda Tylek*

4

5

## CERTIFICATE OF SERVICE

A copy of the foregoing *Supplement to Sentencing Memorandum of Defendant Melinda Tylek* was filed electronically this 17th day of April, 2007.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Rachael L. Israel*
*Attorney for Melinda Tylek*