

RECEIVED SEP 0 8 2017 BY:

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.: 1:06CR494-1 |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| v. ) | |
| MELINDA TYLEK AKA ) MELINDA CLATTERBUCK, ) | ANSWER OF THE GARNISHEE |
| Defendant, ) | |
| and ) | |
| LAKE PHO, INC., ) | |
| Garnishee. ) | |

17 SEP 18 PM 1:04  FILED

I, __Monica Volke__, the __Payroll Assistant__ of
(NAME)                           (TITLE)

__Lake Health__

Garnishee ~~LAKE PHO, INC.~~, state under penalty of perjury as follows:

GARNISHEE IS **(choose one)**:

[__] An individual doing business in the name of _____.

[__] A partnership, [__] LP, [__] LLP or [__] LLC

[X] A corporation, organized under the laws of the State of ___Ohio___.

On ___Sept 9___, 2017, Garnishee was served with the

Writ of Continuing Garnishment. At the time Garnishee was served with the Writ of Continuing

Garnishment, Garnishee had in its possession or control the following property of the Defendant:

1.     Garnishee is contracted with or employed the Defendant from:

_10·19·14_ to _present._

2.     Defendant's pay period is:

[ ] weekly, [X] bi-weekly, [ ] semi-monthly, [ ] monthly,

other:_____.

The current pay period began _8·27·17_ and ends

_9·9·17_.

3.     Enter amounts for the current pay period to calculate garnishment:

(a) Gross Earnings[1]       $ _1,327.97_

(b) Less deductions required by law: $ _157.15_

     Federal Income Tax     $ _0_

     F.I.C.A.      $ _101.60_

     State Income Tax     $ _28.99_

     City/Local Income Tax     $ _26.56_

     Total of tax withholdings     $ _157.15_

(c) Disposable Earnings $ (a) less total of (b)

     75% of Disposable Earnings $ _878.11_ (exempt pay to Defendant)

(d) **Non-exempt disposable earnings required to be withheld is the lesser of:**

     25% of disposable earnings $ _292.70_ or

     Disposable earnings less $217.50 = $ _953.32_ [2] (c) less (30x $7.25) = _60 BiWKLY_

                                $ 518.32

---

[1] "Earnings" means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments to a pension or retirement program. "Disposable earnings" means that part of earnings remaining after all deductions required by law have been withheld. "Nonexempt disposable earnings" means 25 percent of disposable earnings. 28 U.S.C. §§ 3002(5)-(6) and (9).

[2] Under federal law, 18 U.S.C. § 3613(a)(3) and 15 U.S.C. § 1673, the maximum subject to garnishment is 25% of disposable earnings for a week or the amount by which disposable earnings for a week exceed 30 times the federal minimum hourly wage.

**DO NOT DISBURSE WITHHOLDINGS UNTIL FURTHER COURT ORDER.**

**NOTE: FEDERAL LAW DOES NOT PROVIDE FOR A FEE FOR THE EMPLOYER.**

4.      Prior garnishments or other court-ordered withholdings presently in effect including, but not limited to child support and alimony, are described as (include case number, state, county):

_____NA_____

5.      Garnishee has in its possession or under its control the following property other than earnings in which the Defendant has an interest:

[X] None or description of property, approximate value, and Defendant's interest:

_____

6.      Other than earnings, Garnishee anticipates owing to the Defendant the following amounts in the future: $_____

[X] None or description of property, approximate value, and estimated due date:_____

**IF GARNISHEE DENIES HOLDING PROPERTY SUBJECT TO GARNISHMENT:**

7.      Check the applicable line below if you deny that you hold property subject to this order of garnishment.

[___]: The Garnishee makes the following claim of exemption on the part of Defendant:

_____

[___]: The Garnishee has the following objections, defenses, or set-offs to the United States' right to apply Garnishee's indebtedness to the judgment debtor to the United States' claim:

[__]: The Garnishee was then in no manner and upon no account indebted or under liability to the defendant, Melinda Tylek, and that the Garnishee did not have in his/her possession or control any property belonging to the Defendant, or in which the Garnishee has an interest; and is in no manner liable as Garnishee in this action.

8.    The Garnishee mailed a copy of this answer by first-class mail to:

(1) the Defendant, Melinda Tylek, 512 Hickory Ln Painesville, Ohio 44077

(2) [___] by electronic filing or [X] by first-class mail to the Clerk of Court, United States Court House, Suite 1-127, 801 West Superior Avenue, Cleveland, Ohio 44113; and

(3) [___] by electronic filing or [X] by first-class mail to the attorney for the United States, Suzana K. Koch, Assistant U. S. Attorney, United States Court House, Suite 400, 801 West Superior Avenue, Cleveland, Ohio 44113.

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury that the foregoing is true and correct.

Executed this _14_ day of ___Sept___, 2017

___Lake Health___
Print name of Garnishee

___Monica Volke  Payroll Asst.___
Printed name and title of person who completed form

Address: ___7590 Auburn Rd. Concord OH 44077___
City, State, Zip:

Telephone and Fax Numbers: ___440·354·1657    Fax: 440·639·4305___

Email: ___monica.Volke@lakehealth.org___

## ACKNOWLEDGMENT

State of ___Ohio___

County of ___Lake___

Subscribed and sworn to before me this __14TH__ day of __September__,2017.

Notary Public Signature:___[signature]___  My Commission Expires:__12/22/2020__

Printed Name: ___LAURIA HUTSON___

(seal)